*Page 1 of 4*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KHALIFAH M. MOHAMED,[1]
    Plaintiff,

vs.                                           3:07cv135/RV/MD

STATE OF FLORIDA, et al.
    Defendants.

ORDER and
REPORT AND RECOMMENDATION

      This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1), motion for leave to proceed *in forma pauperis* (doc. 7). Good cause having been shown, leave to so proceed is hereby granted. The plaintiff has also filed a "motion for court to address all filing, orders, etcs., by my proper gender." (Doc. 8). The court's order with respect to plaintiff's *in forma pauperis* motion had improperly used male gender references. Plaintiff is assured that no disrespect was intended. Because there were no reflections of gender within the motion itself, and due to the court's unfamiliarity with and hence inability to immediately discern plaintiff's gender from her name, the standard order referencing male plaintiffs was used.

      Although plaintiff has filled out a civil rights complaint form, on the first page of her attachment pages she indicates that she moves this court "to vacate, set aside judgment

---

[1] Plaintiff indicates in her complaint that the correct spelling of her name is "Mohamed" although the case caption on her attachment pages reflects her name as "Mohamad."

or sentences" placed upon her "in violation of laws in the state of Florida and the constitution of the United States."  The sentence in question resulted from what plaintiff, a Muslim woman who is a United States citizen by birth, describes as an unlawful arrest.[2] She also seeks punitive and compensatory damages as a result of this arrest and conviction.  Thus, the relief sought by plaintiff is both civil and in the nature of habeas corpus.  The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of her confinement is properly treated as a habeas corpus claim.  *See Duncan v. Henry*, 121 S.Ct. 2120, 2126 (2001) ("federal habeas corpus review may be available to challenge the legality of . . . a state court order of civil contempt."); *Fernos-Lopez v. Figarella-Lopez*, 929 F.2d 20, 21-22 (1st Cir. 1991) (petitioner jailed for failure to comply with order to pay spousal support would be in custody for habeas corpus purposes); *Leonard v. Hammond,* 804 F.2d 838 (4th Cir. 1986) (holding that constitutional challenges to civil contempt orders for failure to pay child support were cognizable only in a habeas corpus action); *Ridgway v. Baker,* 720 F.2d 1409 (5th Cir. 1983) (habeas granted to civil contemnor imprisoned for nonsupport); *Marshall v. Bowles*, 2002 WL 31757631 (N.D. Tex. Dec. 2, 2002) (entertaining a challenge brought in a federal habeas petition under § 2241 to a state court's civil contempt order for failure to pay child support); *see also Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis v. Mosley*, 693 F.2d 1054, 1057 (11th Cir. 1982).  Additionally, the federal habeas corpus statutes require that before a federal court may consider a petition for writ of habeas corpus, the petitioner must first exhaust her state remedies by presenting to the state courts for consideration each issue upon which she seeks review in federal court.  *Rose v. Lundy,* 455 U.S. 509 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Galtieri*

---

[2]The circumstances surrounding the arrest were also challenged in case 3:03cr400/LAC/EMT. That case, filed pursuant to 42 U.S.C. § 1985, was dismissed on August 2, 2004 for failure to state a claim.  (Doc. 29).

*Case No: 3:07cv135/RV/MD*

*v. Wainwright*, 582 F.2d 348 (5th Cir. 1978).  It appears, from paragraph 31 of the complaint, that plaintiff has attempted to seek some relief in the state courts without success.  If she has properly exhausted her administrative remedies, plaintiff should file a separate habeas corpus petition in order to challenge her conviction, or the fact or duration of her confinement, as appropriate.

As to plaintiff's claim for monetary damages, based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), dismissal of the instant action is warranted.  The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 2372.  Absent such an invalidation, the plaintiff's section 1983 suit must be dismissed.  *Id.*   This dismissal will be without prejudice to plaintiff's reassertion of her claims in the event the underlying conviction is overturned in either state or federal court.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 7) is GRANTED.

Plaintiff's motion for court to address all filings, orders, etc. by proper gender (doc. 8) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 10th day of April, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:07cv135/RV/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cv135/RV/MD*